**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**UNITED STATES OF AMERICA,**

                    **v.**                                        **1:05-CR-541**
                                                                              **(FJS)**

**ALEXANDRA BLISS, a/k/a**
**BLISS ALEXANDRA, a/k/a**
**DARLENE EARLY,**

                              **Defendant.**
_____

**APPEARANCES**                                **OF COUNSEL**

**OFFICE OF THE UNITED**                **ROBERT P. STORCH, AUSA**
**STATES ATTORNEY**
James T. Foley U.S. Courthouse
445 Broadway, Room 218
Albany, New York 12207
Attorneys for the United States

**OFFICE OF JAMES E. LONG**             **JAMES E. LONG, ESQ.**
668 Central Avenue
Albany, New York 12206
Attorney for Defendant[1]

**SCULLIN, Senior Judge**

### MEMORANDUM-DECISION AND ORDER

### I. BACKGROUND[2]

    Due to Defendant's erratic and disruptive behavior since she first appeared for her

arraignment in this case, the Court ordered her to undergo mental health evaluations on three

_____

    [1] The Court appointed Mr. Long to serve as counsel for Defendant for purposes of the
competency hearing. _See_ Dkt. No. 71.

    [2] Defendant was charged in a thirty-count Indictment with violations of 26 U.S.C.
§ 7206(1) and 26 U.S.C. § 7212(a). _See_ Dkt. No. 1.

occasions.  Dr. Lucille C. Larney, Ph.D., conducted the first evaluation on March 6, 2006, and

March 27, 2006.  Dr. Elissa R. Miller, Psy.D., conducted the second evaluation on January 25,

2007, February 6, 15, 20, 27, 28, 2007, and March 7, 2007.  Dr. Andrea Sopko, Ph.D., conducted

the third evaluation on June 20, 2007.  After Dr. Sopko filed her report, the Court issued an

Order, scheduling a hearing, pursuant to 18 U.S.C. §§ 4241, 4247, to determine whether

Defendant was "presently . . . suffering from a mental disease or defect rendering [her] mentally

incompetent to the extent that [she] is unable to understand the nature and consequences of the

proceedings against [her] or to assist properly in [her] defense."  18 U.S.C. § 4241(a).

At the conclusion of the hearing, which was held on August 7-8, 2007, the Court

provided Defendant with an opportunity to submit additional papers to rebut the arguments of the

witnesses who testified at the hearing or to brief any other issues that arose during the course of

the hearing.  Despite being given this opportunity, Defendant did not submit any additional

papers to the Court for its consideration.

## II. DISCUSSION

**A.      The evidence in this case**

At the outset of the hearing, Defendant stated to the Court that she was only present by

special appearance, that she objected to the proceeding as outside the Court's jurisdiction, and

that she objected to the Court's appointment of Mr. Long as her counsel.[3]  The Court noted her

objections.

---

[3] Defendant repeated these objections at the start of the second day of the hearing.

### *1. Testimony of Joanne DeFreest, United States Probation Officer*

Joanne DeFreest, United States Probation Officer, testified about Defendant's behavior during the time that she was subject to pretrial services supervision.  Ms. DeFreest stated that Defendant refused to provide her name, fill out the financial affidavit and participate in the pretrial services interview when she was arrested on February 2, 2006.  Therefore, the Court adjourned the matter to the following day and remanded Defendant.

On February 3, 2006, Defendant continued her refusal to participate in the pretrial services interview or to complete the financial affidavit.  The Court offered her four options: (1) to accept assigned counsel, (2) to accept stand-by counsel, (3) to retain counsel, or (4) to proceed pro se.  The Court then remanded Defendant and adjourned the matter to February 6, 2006.

On February 6, 2006, Defendant cooperated with the pretrial services interview but continued to refuse to fill out a financial affidavit.  The Court advised her that the matter could not proceed without her having counsel and released her on that day under pretrial services supervision.  One of the conditions of her release was a mental health evaluation.  The Court set a return date of February 14, 2006, to address the matter of attorney representation.

On February 14, 2006, Defendant reported to the Court that she was still seeking counsel. The Court adjourned the matter until February 28, 2006.  On February 15, 2006, Defendant failed to report for a scheduled appointment with the Probation Office.  Instead, she left a telephone message indicating that she was ill and that the Probation Office could send a letter to her scheduling another appointment date and time.

Ms. DeFreest unsuccessfully attempted to contact Defendant by phone.  She then went to Defendant's residence, where she left a letter taped to her door scheduling another appointment

for February 17, 2006.  Defendant did not appear for her February 17, 2006 appointment.

Consequently, the Probation Office submitted the first of three Declarations of Noncompliance to

the Court, and the Court issued a warrant for Defendant's arrest.

After her arrest, Defendant made her initial appearance on the violation on February 23,

2006.  She continued to refuse to discuss her name or to fill out a financial affidavit.  She also

advised the Court that she was still in the process of seeking counsel.  The Court remanded her

and adjourned the matter to February 27, 2006.  On that date, the Court released Defendant under

pretrial services supervision on the same conditions.

Following Defendant's release on February 27, 2006, the Probation Office made

arrangements to have a mental health evaluation completed.  On March 6, 2006, Defendant

refused to participate in the evaluation process by noting her right to remain silent, her belief that

the Court had no authority, and her innocence regarding some confusion about her name and the

name on the Indictment.

Due to Defendant's refusal to cooperate with the evaluation, the Probation Office

submitted a second Declaration of Noncompliance to the Court.  The Court did not issue a

warrant for Defendant's arrest but, rather, scheduled consideration of her noncompliance with her

next court appearance scheduled for March 14, 2006.  During the hearing on that date, the Court

appointed James Long to represent Defendant and addressed the matter of Defendant's violation.

Mr. Long assured the Court that he would insure Defendant's participation in the mental health

evaluation.  Subsequently, Defendant did participate in the evaluation.

Ms. DeFreest testified that, during the several months that Defendant reported to the

Probation Office, she refused to answer any questions, citing her right to remain silent.  At times,

she also appeared disheveled and reported some issues with physical limitations.  During the summer and fall of 2006, Defendant filed numerous motions in New York State Court in addition to the motions she was filing in this matter.  In November 2006, Ms. DeFreest attempted to contact Defendant at the address she provided but residents at that address reported that Defendant no longer lived with them.

Based upon Defendant's failure to report and her failure to provide a change of address, the Probation Office filed a third Declaration of Noncompliance on December 18, 2006.  The Court signed a warrant for Defendant's arrest after the holiday season, and Defendant was arrested and made an initial appearance on the violation on January 9, 2007.  At that time, the Court remanded her and adjourned the matter until the following day when her attorney would be available.  At the time of her arrest, her attorney advised the Probation Office that he feared that Defendant had actually been living in her car for a period of time.  She was arrested at the home of college students where she had a room.

On January 10, 2007, Defendant continued her refusal to recognize the Court's authority and insisted that an Article III Judge hear the matter.  The Court remanded her.  Within two days, Mr. Long filed an emergency motion for a psychiatric evaluation.  On January 28, 2007, the Court held a hearing about this issue, and both attorneys concurred that an evaluation was necessary.

After the psychological evaluation at the Federal Bureau of Prisons, Metropolitan Correctional Center, was completed, Defendant was returned to the Court on March 19, 2007, at which time the Court placed her under the custody of her attorney and removed her from pretrial services supervision.

### 2. Testimony of Dr. Elissa Miller

Dr. Elissa Miller is a Forensic Psychologist with the Federal Bureau of Prisons at the Metropolitan Correctional Center in New York City.  Dr. Miller met with Defendant on approximately seven occasions between January 25, 2007, and March 7, 2007.  In addition, as part of her evaluation, Dr. Miller spoke to Magistrate Judge Treece, Mr. Long, AUSA Lord, and Ms. DeFreest about Defendant.  Dr. Miller also reviewed several documents, including Dr. Larney's report of her evaluation of Defendant.

Dr. Miller testified that she believed that Defendant suffered more from a paranoid personality structure than a psychotic disorder.  Dr. Miller also stated that, when Defendant first arrived at the facility, she was extremely guarded, suspicious and demonstrated paranoid behaviors.  Defendant did not want to cooperate and she reserved her right not to speak with Dr. Miller.  However, Dr. Miller noted that Defendant's behavior changed after she met with Mr. Long on two separate occasions.

Dr. Miller noted that at times Defendant was hostile and at other times she was contrite and cooperative.  However, there was nothing irrational about the way that Defendant communicated her beliefs, although she did exhibit paranoid and suspicious ideas at times about the legal system.  Although Dr. Miller felt that Defendant's intelligence was above average based upon her education, she thought that Defendant's insight and judgment were poor, that she did not have insight about how her behaviors impacted herself and others or how her behavior frustrated others.  Dr. Miller also gave Defendant a guarded prognosis because personality disorders do not respond well to medication.  Furthermore, Dr. Miller testified that, at the time

-6-

that she evaluated Defendant, she concluded that she was competent to stand trial.

Dr. Miller then reviewed Dr. Sopko's report of her recent evaluation of Defendant. When asked whether there was anything in Dr. Sopko's report that might affect her opinion about Defendant's competency to stand trial, Dr. Miller noted that there were a couple of things – specifically, Dr. Sopko's statement that Defendant stated that she was being persecuted by the legal system and that she expressed confidence that she could change the court process. However, Dr. Miller testified that, without another evaluation, she would not change her conclusion that Defendant suffers from a personality disorder, rather than a mental defect or disorder.

### 3. Testimony of Dr. Andrea Sopko

Dr. Sopko, a psychologist, testified that, when she interviewed Defendant on June 20, 2007, Defendant was unwilling to answer any questions that she felt joined her name to this case and that, although she answered some questions in general terms, she was not willing to provide any details about her education or her living situation. Dr. Sopko also testified that it was her sense that Defendant did not understand the serousness of the charges against her and that she was treating this case as an intellectual puzzle, to the extent that she thought that the confusion about her name would result in the dismissal of this case.

Dr. Sopko further testified that Defendant arrived at the interview with three gentlemen and that it was not clear whether Defendant knew these gentlemen well or not. Dr. Sopko also noted that the gentlemen did not seem to take the situation very seriously and one of them repeatedly asked for coffee and doughnuts. The gentlemen were unwilling to identify themselves

and were unwilling to discuss their relationship with Defendant.

Moreover, Dr. Sopko testified that, after interviewing Defendant and reading all of the documents, including the previous evaluations, she concluded that Defendant fits all of the criteria of a delusional disorder.  Dr. Sopko noted that Defendant displays grandiose thinking, in that she has a sense that her interpretation of the law and her interpretation of how the Court should proceed is more correct than the Court's and that it is her mission to correct the Court's handling of this case.  Dr. Sopko testified that she thought Defendant's ability to cooperate in her defense or to develop a collaborative relationship in her defense is impaired significantly by her inability to collaborate and her inability to adjust her ideas in accordance with someone else's ideas about how things should proceed.  Finally, Dr. Sopko stated that, in her opinion, Defendant suffers from a mental disease or defect that renders her unable to understand the nature and seriousness of the proceedings and renders her unable to assist meaningfully in her defense.

### 4. Findings

The Court has carefully reviewed the testimony of the witnesses at the hearing, the reports of Dr. Lucille Larney, Dr. Elissa Miller, and Dr. Andrea Sopko, all of whom evaluated Defendant, Ms. DeFreest's report about Defendant's behavior during the term of her pretrial services supervision, and the documents that Defendant has filed with the Court during the course of this case.  In addition, the Court has had the opportunity to observe Defendant's behavior during the course of several proceedings in this Court.  Although it is clear that Defendant can, on occasion, conduct herself appropriately, she has demonstrated, time and time again, that she is unable to follow the Court's instructions, to accept the Court's explanations of

certain legal terms, including, but not limited to, "assistance of counsel," to cooperate with either the Court or her appointed counsel, as evidenced by her continued insistence that she is not the person named as the Defendant in the Indictment and her refusal to accept any mail from the Court and returning such mail as "undeliverable," and to understand the serious nature of the charges against her.  Therefore, based upon all of the information that is presently before the Court, the Court concludes, by a preponderance of the evidence, that Defendant is currently suffering from a mental disease or defect that renders her mentally incompetent to the extent that she is unable to understand the nature and consequences of the proceedings against her or to assist properly in her defense and, thus, is not competent to stand trial.


### III. CONCLUSION

Accordingly, for the above-stated reasons, the Court hereby

**ORDERS** that, pursuant to 18 U.S.C. § 4241(d), Defendant is entrusted to the custody of the Attorney General, and the Attorney General shall hospitalize Defendant for treatment in a suitable facility for a duration not to exceed four months to determine whether there is a substantial probability that in the foreseeable future Defendant will attain the capacity to permit the proceedings to go forward; and the Court further

**ORDERS** that, at the end of that time, the Attorney General shall return Defendant to the custody of the United States Marshal, who shall promptly bring Defendant before the Court for re-examination of her competency to stand trial; and the Court further

**ORDERS** that, in light of the sensitive nature of the information contained in the psychological reports that Dr. Larney, Dr. Miller, and Dr. Sopko prepared, as well as the report

that Ms. DeFreest prepared for the Court, these reports shall remain filed under seal; and the

Court further

**ORDERS** that all of the time associated with the competency examination and treatment

be excluded for purposes of any speedy trial computation in this matter; and the Court further

**ORDERS** that the United States Marshal serve Defendant with this Order by delivering a

copy to Defendant **personally**.


**IT IS SO ORDERED.**


Dated: October 9, 2007
      Syracuse, New York

                                 Frederick J. Scullin, Jr.
                                 Senior United States District Court Judge