UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

UNITED STATES OF AMERICA,                    Criminal Action No.
                                             05-CR-541 (FJS)
        v.

ALEXANDRA BLISS, A/K/A BLISS
ALEXANDER,

            Defendant.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## UNITED STATES' MEMORANDUM OF LAW

Defendant stands charged with 29 counts of violating Title 26, United States Code, Section 7206(1) - - submission of false IRS 8300 forms and one count of violating Title 26, United States Code, Section 7212(a) - - corruptly obstructing or impeding the due administration of the Internal Revenue Code. The maximum penalties for a violation of Section 7206 are imprisonment for not more than three years and a fine of not more than $100,000. A violation of Section 7212(a) carries a maximum imprisonment of not more than three years and a fine of not more than $5,000.

The government submits the following memorandum of law in response to the clinical findings of the medical staff at the Federal Medical Center, Carswell, Ft. Worth, Texas that the defendant currently suffers from a severe mental disease which renders her unable to assist properly in her defense. While it is the opinion of the clinical staff that there is a substantial probability that the defendant will become competent following psychiatric treatment, including the administration of psychotropic medicines, Ms. Bliss has refused all psychiatric treatment and has refused to allow herself to be medicated. She has also been found not to represent a danger to herself or others at the medical center. As such, a determination of whether the defendant can be forcibly medicated falls under the holdings of the Supreme Court in *Sell v. United States*, 539 U.S. 166 (2003).

## Discussion

In *Sell*, the court held that the government may involuntarily medicate a mentally ill defendant to render him or her competent for trial, if "(1) there are important governmental interests in trying the individual, (2) the treatment will significantly further those interests, (3) the treatment is necessary to further those interests, considering any less intrusive alternatives, and (4) the treatment is medically appropriate." *Sell* at 180-81.

In analysis of the first *Sell* element, whether important governmental interests are at stake, the seriousness of the crime charged is important. *Sell*, 539 U.S. at 180. The circumstances of the case may also lessen the seriousness of the crime and importance of bringing the defendant to trial. *Id.* Such circumstances may include the possibility of a confinement to a mental institution and time served while awaiting trial. *Id.* But the Supreme Court has given only limited guidance as to what constitutes a serious crime in order to satisfy the first *Sell* element. *United States v.*

*Hernandez-Vasquez*, 513 F.3d 908, 917 (9th Cir. 2008). Subsequently, no circuit court has laid out a categorical test to determine a crime's seriousness. *Hernandez-Vasquez*, 513 F.3d at 917. The circuit courts have uniformly noted that courts must consider the facts of the individual's case to evaluate the seriousness of the crime and the level of the government's interest in going to trial. *Id.* at 918.

In *United States v. Gomes*, 387 F.3d 157, 159, 163 (2d Cir. 2004), the Second Circuit held that defendant, who was charged with possession of a firearm by a convicted felon, could be forcibly administered medication. The court noted that the determination of the seriousness of the charged crime was a legal question for the court. *Gomes*, 387 F.3d at 160. The court found that the governmental interest in having the defendant stand trial was strong. *Id.* "The seriousness of the crime . . . [is] evident from the substantial sentence defendant faced if convicted." *Id.* The court used the possible sentence of 15 years faced by the defendant as a basis to decide that the charged crimes "seriousness" satisfied the first *Sell* element. *Id.*

In *United States v. Lindauer*, 448 F.Supp.2d 558, 571 (S.D.N.Y. 2006), the court held that the government did not satisfy the first *Sell* element of having important governmental interests in trying the defendant. There, defendant was charged with conspiracy to act in acting as an unregistered agent of the government of Iraq and engaging in various illegal financial transactions with the Iraqi government. *Lindauer*, 448 F.Supp.2d at 560. The court found that to determine if a crime was serious enough to find that important governmental interests are at stake, courts must, again, consider the facts of the individual case. *Id.* at 565. The court looked beyond the possible sentence of ten years if defendant was convicted and found that based upon the "reality of the facts", defendant was not a danger to society. *Id.* at 571-572. As opposed to

the defendant in *Gomes*, defendant needed to interact with people to act as an agent of the Iraqi government and the court found that even lay people considered the defendant seriously disturbed and did not take interactions with her seriously. *Id.* at 572.

In other circuits, courts have emphasized the consideration of the facts of each individual case and circumstances that may lessen the importance of going to trial. *United States v. Rodman*, 446 F.Supp.2d 487, 498 (D.S.C. 2006); *United States v. Evans*, 293 F.Supp.2d 668 (W.D.VA. 2003). In *Rodman*, 446 F.Supp.2d at 490, the defendant was charged with willfully and knowingly threatening the President. The court held that despite the seriousness of the crime, the defendant had already been incarcerated for the maximum term of sentence if he were convicted so the governmental interest to go to trial was not important. *Id.* at 496-97. Also, courts have generally found forced anti-psychotic treatment is warranted where the defendant has been charged with a violent crime. *United States v. Moore*, 132 F.Appx. 429 (4th Cir. 2005) (illegal firearm possession); *United States v. Thrasher*, 503 F.Supp.2d 1233 (W.D.Mo. 2007) (illegal firearm possession); *United States v. Dallas*, 461 F.Supp.2d 1093 (D.Neb. 2006) (bank robbery).

The defendant had prior dealings with all 29 victims in this case before filing the IRS forms 8300 which are the subject of the 29 counts in the indictment. The fraudulent filings occurred in the years 2000 and 2001. The defendant appears to have not benefitted financially from her scheme. Many of the victims are attorneys, judges, court personnel and law enforcement officers that defendant intended to harass by filing the IRS forms. However, no violent conduct was involved.

## **Conclusion**

The government recognizes that defendant's current lack of competency to proceed is a new factor in this prosecution. An analysis of the facts of this case including defendant's lack of violent conduct, lack of financial benefit or financial harm to the victims may well justify the finding under *Sell* that the defendant should not be forcibly medicated. The government will defer to the sound discretion of the Court in making this determination.

Dated: May 2, 2008　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　Glenn T. Suddaby
　　　　　　　　　　　　　　　　　　　　　　　United States Attorney

　　　　　　　　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　By:　　　　　　　　　John G. Duncan
　　　　　　　　　　　　　　　　　　　　　　　Executive Assistant U.S. Attorney