**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**UNITED STATES OF AMERICA,**

          v.                                                                                            1:05-CR-541
                                                                                          (FJS)

**ALEXANDRA BLISS a/k/a BLISS**
**ALEXANDRA a/k/a DARLENE EARLY,**

                                **Defendant.**

---

**APPEARANCES**                                                                 **OF COUNSEL**

**OFFICE OF THE UNITED**                                              **JOHN DUNCAN, AUSA**
**STATES ATTORNEY**
100 South Clinton Street
Syracuse, New York 13261-
Attorneys for the United States

**OFFICE OF JAMES E. LONG**                                       **JAMES E. LONG, ESQ.**
668 Central Avenue
Albany, New York 12206
Attorneys for Defendant

**SCULLIN, Senior Judge**

## ORDER

      After a hearing on August 8, 2007, the Court entrusted Defendant to the custody of the Attorney General, pursuant to 18 U.S.C. § 4241(d), and ordered the Attorney General to hospitalize Defendant for treatment in a suitable facility to determine whether there was a substantial probability that in the foreseeable future Defendant would attain the capacity to permit the proceedings to go forward.  *See* Memorandum-Decision and Order dated October 9, 2007, at 9.

      On April 8, 2008, the Court received the Forensic and Psychiatric Evaluations of

Defendant and provided a copy of these evaluations to counsel, both of whom filed a response to those evaluations.  *See* Dkt. Nos. 95-96.

On May 15, 2008, the Court held a conference with counsel to discuss how to proceed. At that conference, the Government acknowledged, as it had in its memorandum of law in response to the evaluations, that, based upon the facts of this case, Defendant should not be forcibly medicated.  The Government also conceded that, based upon the evaluations of Defendant, there is not a substantial probability – absent the forced administration of antipsychotic medications – that in the foreseeable future Defendant will attain the capacity to permit the proceedings to go forward.  Therefore, Defendant is subject to the provisions of 18 U.S.C. § 4246.

Furthermore, counsel agreed that, based upon the medical evaluations that Defendant did not present a danger to herself or others, there was no need to hold a hearing to determine whether Defendant's release would "create a substantial risk of bodily injury to another person or serious damage to property of another . . . ."  18 U.S.C. § 4246(e).

Accordingly, the Court hereby

**ORDERS** that the Attorney General shall return Defendant to the custody of the United States Marshal, who shall promptly transport Defendant to Albany, New York, for further proceedings before this Court on or shortly after May 30, 2008.

**IT IS SO ORDERED.**

Dated: May 16, 2008
       Syracuse, New York

Frederick J. Scullin, Jr.
Senior United States District Court Judge